1  Michele R. Stafford, Esq. (SBN 172509)
   Edward D. Winchester, Esq. (SBN 271500)
2  SALTZMAN & JOHNSON LAW CORPORATION
   44 Montgomery Street, Suite 2110
3  San Francisco, California  94104
   Telephone: (415) 882-7900
4  Facsimile: (415) 882-9287
   Email: mstafford@sjlawcorp.com
5  Email: ewinchester@sjlawcorp.com

6  Attorneys for Plaintiffs, District Council 16 Northern
   California Health and Welfare Trust Fund, et al.

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  DISTRICT COUNCIL 16 NORTHERN            Case No.
    CALIFORNIA HEALTH AND WELFARE
12  TRUST FUND; and its JOINT BOARD OF      **COMPLAINT**
    TRUSTEES; CHRIS CHRISTOPHERSEN and
13  JOHN MAGGIORE, Trustees;

14  BAY AREA PAINTERS AND TAPERS
    PENSION TRUST FUND, and its JOINT BOARD
15  OF TRUSTEES; CHRIS CHRISTOPHERSEN
    and MARIAN BOURBOULIS, Trustees;
16
    DISTRICT COUNCIL 16 NORTHERN
17  CALIFORNIA JOURNEYMAN AND
    APPRENTICE TRAINING TRUST FUND, and
18  its JOINT BOARD OF TRUSTEES; CHRIS
    CHRISTOPHERSEN and MARIAN
19  BOURBOULIS, Trustees; and

20  DISTRICT COUNCIL 16 OF THE
    INTERNATIONAL UNION OF PAINTERS AND
21  ALLIED TRADES,

22          Plaintiffs,

23       v.

24  NEW WEST PARTITIONS, a California
    Corporation,
25
            Defendant.
26

27

28

                              1

1

Parties

2      1.      The District Council 16 Northern California Health and Welfare Trust Fund ("Health
3  Fund"); Bay Area Painters and Tapers Pension Trust Fund, including the Bay Area Painters and Tapers
4  Pension Trust Fund Annuity Plan (together "Pension Funds"); and District Council 16 Northern
5  California Journeyman and Apprentice Training Trust Fund ("Apprentice Fund") are employee benefit
6  plans as defined in the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C.
7  § 1002(3). The Joint Board of Trustees ("Trustees") of said Funds are the named fiduciaries of the Funds
8  under ERISA § 302(a), 29 U.S.C. § 1002(a). Chris Christophersen and John Maggiore are Trustees, and
9  fiduciaries, of the Health Fund. Chris Christophersen and Marian Bourboulis are Trustees, and
10 fiduciaries, of the Pension Fund and Apprentice Fund. The Health Fund, Pension Funds, Apprentice
11 Fund, and their respective Trustees and fiduciaries are collectively referred to herein as "ERISA
12 Plaintiffs" or "Plaintiffs."

13      2.      District Council No. 16 of the International Union of Painters and Allied Trades
14 ("Union") is a labor organization as defined in § 2(5) of the National Labor Relations Act ("NLRA"), 29
15 U.S.C. § 152(5) and is represented by counsel herein for the limited purpose of collecting union dues
16 owing as part of the subject contribution claims of ERISA Plaintiffs, and not for any other cause of
17 action. The Union expressly reserves its rights to pursue any other cause of action on its own behalf.

18      3.      Defendant New West Partitions, a California corporation ("Defendant"), is an employer
19 by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2).

20

Jurisdiction

21      4.      Jurisdiction exists in this Court over the claims asserted by ERISA Plaintiffs by virtue of
22 ERISA § 502, 29 U.S.C. § 1132, in that ERISA Plaintiffs seek to enforce the provisions of ERISA and
23 the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief
24 to redress such violations, and seek all other appropriate relief under ERISA.

25      5.      Jurisdiction exists in this Court over all the claims by virtue of the Labor Management
26 Relations Act ("LMRA") § 301, 29 U.S.C. § 185, in that Plaintiffs seek to enforce the terms and
27 conditions of a valid Bargaining Agreement.

28

2

**COMPLAINT**
Case No.

6.   To the extent jurisdiction over any claim does not exist under ERISA or the LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

Venue

7.   Venue is conferred upon this Court by § 502, 29 U.S.C. § 1132. Where an action is brought under ERISA § 502 in a district court of the United States, it may be brought at Plaintiffs' discretion, in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found. ERISA Plaintiffs' Trust Funds are administered in this district at their principal place of business in Dublin, California. Thus, jurisdiction and venue are properly grounded with this Court.

8.   Venue exists in this Court with respect to the claims under LMRA § 301, 29 U.S.C. § 185, as this Court has jurisdiction over the parties, as the Union maintains its principal place of business in this district, its duly authorized officers or agents are engaged in representing employee members in this district, and the claims arise in this district.

Intradistrict Assignment

9.   The basis for assignment of this action to this Court's Oakland Division is that all of the events and omissions giving rise to Plaintiffs' claims occurred in the County of Alameda, where ERISA Plaintiffs' Funds and the Bargained Plans are administered, and where Defendant therefore failed to fulfill its statutory and contractual obligations to Plaintiffs.

Bargaining Agreement

10.   Defendant entered into the Northern California Drywall Finishers Master Agreement ("Bargaining Agreement") between the Union and the Wall and Ceiling Alliance, requiring employer contributions to Plaintiffs' ERISA Funds, to the Union for union dues, and to the other plans more fully described in the Bargaining Agreement. Plaintiffs are third party beneficiaries of the Bargaining Agreement.

11.   Under the terms of the Bargaining Agreement, Plaintiffs' Trustees are authorized to

3

1   collect monies due by Defendant to the following plans: the IUPAT Finishing Trades Institute, the

2   IUPAT Labor-Management Cooperation Initiative, the Work Preservation Fund, the Industry Fund, the

3   Skills, Safety, Supervisor & Survival Training Awards Recognition (STAR) Program, Inc., the

4   Vacation/Holiday Fund, and the IUPAT Political Action Together-Political Committee (collectively

5   referred to herein as the "Bargained Plans").

6        12.    Under the Bargaining Agreement and the governing documents of ERISA Plaintiffs (the

7   "Trust Agreements"), which are incorporated into the Bargaining Agreement and made binding on the

8   Defendant, Defendant is required to regularly pay to ERISA Plaintiffs, the Bargained Plans, and the

9   Union, certain sums of money, the amounts of which are determined by the hours worked by

10   Defendant's employees. Contributions are due on the fifteenth $(15^{th})$ day of the month following the

11   month hours were worked, and considered delinquent if not received by the last day of that month.

12   Defendant is also required, pursuant to the Bargaining and Trust Agreements, to pay liquidated damages

13   in the amount of ten percent (10%) for each delinquent contribution, but in the amount of twenty percent

14   (20%) for each delinquent contribution which is the subject of litigation. Moreover, the Bargaining and

15   Trust Agreements provide that interest accrues on delinquent contributions at the rates reasonably set by

16   the Trustees from the day contributions become delinquent, which is the first $(1^{st})$ day of the month

17   following the month in which payment was due, until paid.

18        13.    The Bargaining Agreement further requires Defendant to maintain time records or time

19   cards, and to submit any and all relevant records to Plaintiffs for examination to determine whether

20   Defendant is making full and prompt payment of all sums required to be paid by it to Plaintiffs. Should

21   an audit of Defendant's records reveal Defendant has failed to provide full and prompt payment of all

22   sums due, Defendant must reimburse Plaintiffs for the amounts due, including audit fees, in addition to

23   any other obligations pursuant to the Bargaining and Trust Agreements.

24   <u>Factual Allegations</u>

25        14.    Defendant has failed and refused to pay amounts found due to Plaintiffs as a result of an

26   audit of Defendant's payroll records for the period from April 1, 2013 through May 31, 2016.

27   Liquidated damages and interest have been incurred and are owed to Plaintiffs for the unpaid

28

4

**COMPLAINT**
**Case No.**

1 contributions for that period.

2   15. Defendant has also failed and refused to report and pay contributions for hours worked by

3 its employees during the month of August 2017. Liquidated damages and interest have been incurred

4 and are owed to Plaintiffs for the unpaid contributions for that month as well as those incurred on

5 Defendant's late-paid contributions during the periods July 2015 through August 2015, October 2015

6 through November 2015, and August 2016 through July 2017.

7   16. Plaintiffs are also entitled to recover any and all other contributions, and all liquidated

8 damages and interest on delinquent contributions not specified above, found due on timecards, further

9 audit, or otherwise, including estimated contributions for any months Defendant failed to report to

10 Plaintiffs, through the time of Judgment through the time of Judgment. Plaintiffs reserve the right to

11 conduct an audit to determine whether there are any additional amounts due from Defendant.

12
           **FIRST CAUSE OF ACTION**
   **For Payment of Delinquent Contributions, Interest, Liquidated Damages, Attorneys' Fees**
13
              **and Costs Against Defendant**

14   17. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 16, above.

15   18. Defendant has a contractual duty to timely pay the required contributions to Plaintiffs and

16 the Bargained Plans, and to timely pay dues to the Union, pursuant to the Bargaining Agreement and

17 Trust Agreements. Defendant also has a contractual duty under the Bargaining Agreement, and Trust

18 Agreements incorporated therein, to permit an audit of its records to determine whether it is making full

19 and prompt payment of all sums required to be paid by it to Plaintiffs, and to pay Plaintiffs all amounts

20 found due as a result of an audit, including audit fees.

21   19. In addition, Defendant has a statutory duty to timely make the required payments to

22 Plaintiffs under ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

23   20. By failing to make the required payments to Plaintiffs, Defendant breached the

24 Bargaining Agreement and is in violation of ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

25   21. Defendant's failure and refusal to pay the required contributions was at all times, and

26 still is, willful. Defendant continues to breach the Bargaining Agreement, and incorporated Trust

27 Agreements, by failing to pay all amounts owed as alleged. Said refusal is unjustified and done with

28

COMPLAINT
Case No.

knowledge and intent.

22.     ERISA Plaintiffs are without an adequate remedy at law and will suffer continuing and irreparable injury, loss and damage unless Defendant is ordered specifically to perform all obligations required on Defendant's part to be performed under ERISA, 29 U.S.C. §§ 1101-1381, the LMRA, 29 U.S.C. §§ 141-197, and the Bargaining and Trust Agreements, and is restrained from continuing to refuse to perform as required thereunder.

23.     This Court is authorized to issue injunctive relief based on the traditional standard. As set forth above, ERISA Plaintiffs have a strong likelihood of success on the merits. There is the possibility that ERISA Plaintiffs' Trust Funds and their participants will suffer irreparable injuries. The balance of hardships and advancement of public interest favor ERISA Plaintiffs.

24.     This Complaint does not in any manner relate to statutory withdrawal liability that may or may not be assessed against Defendant. ERISA Plaintiffs expressly reserve the right to pursue any such withdrawal liability claims against Defendant as provided by ERISA Plaintiffs' Plan Documents, Trust Agreements, and the law.

Prayer

WHEREFORE, Plaintiffs pray as follows:

1.     For a judgment against Defendant as follows:

(a)     Any unpaid contributions, due at time of Judgment, including those specified above as well as any other contributions determined as due by audit, timecards, or otherwise, including estimated contributions for any months Defendant fails to report to Plaintiffs, pursuant to ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A);

i.     To ERISA Plaintiffs and the Bargained Plans, in accordance with ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A) and the Bargaining Agreement;

ii.     To the Union in accordance with the Bargaining Agreement.

(b)     Liquidated damages on all late-paid and unpaid contributions in an amount provided for under the Bargaining and Trust Agreements, and with respect to ERISA Plaintiffs, ERISA § 502(g)(2)(c), 29 U.S.C. § 1132(g)(2)(c).

**COMPLAINT**
**Case No.**

(c)     Interest on all late-paid and unpaid contributions at the rates set in accordance with the Bargaining Agreement, the Trust Agreements, and ERISA § 502(g)(2)(B), 29 U.S.C. § 1132 (g)(2)(B).

2.     Plaintiffs' reasonable attorneys' fees and costs of this action, including audit fees, in accordance with ERISA § 502(g)(2)(D) and (E), 29 U.S.C. § 1132(g)(2)(D) and (E); and in accordance with the Bargaining Agreement for all Bargained Plans; and with LMRA § 301, 29 U.S.C. § 185, for all Plaintiffs.

3.     For an order,

(a)     requiring that Defendant comply with its obligations to Plaintiffs under the terms of the Bargaining Agreement and the Trust Agreements;

(b)     enjoining Defendant from violating the terms of those documents and of ERISA; and;

(c)     enjoining Defendant from disposing of any assets until said terms have been complied with, and from continuation or operating of Defendant's business until said terms have been complied with.

4.     That the Court retain jurisdiction of this case pending compliance with its orders.

5.     For such other and further relief as the Court may deem just and proper.

DATED: October 2, 2017                    SALTZMAN & JOHNSON LAW CORPORATION

By:
                                              /S/
                                       Edward D. Winchester
                                       Attorneys for District Council 16 Northern
                                       California Health and Welfare Trust Fund, et al.

**COMPLAINT**
Case No.